Argued and submitted August 2; conviction for disorderly conduct reversed, otherwise affirmed August 30, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TIMOTHY MICHAEL HITCHINS,
*Defendant-Appellant.*

Washington County Circuit Court
D152128M; A161719

400 P3d 1042

Kenneth A. Kreuscher argued the cause for appellant. On the brief were Lauren C. Regan and Civil Liberties Defense Center.

Carson L. Whitehead, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and DeVore, Judge, and James, Judge.

## PER CURIAM

Defendant appeals from a judgment of conviction for second-degree disorderly conduct, ORS 166.025, and second-degree criminal trespass, ORS 164.245. He assigns error to, among other things, the trial court's denial of his motion for judgment of acquittal on the disorderly conduct charge.[1]

Defendant's convictions are associated with events that occurred at a protest outside of a private residence, in which defendant participated in chanting as part of a group of 30-40 protesters, and briefly yelled on his own. He was charged with disorderly conduct under ORS 166.025(1)(b). As an element of that offense, the state was required to prove that defendant made "unreasonable noise." Defendant argued in a motion for judgment of acquittal that the state had presented insufficient evidence that he personally had made "unreasonable noise." *See State v. Rich*, 218 Or App 642, 647, 180 P3d 744 (2008) (interpreting the term "unreasonable noise" in ORS 166.025(1)(b), "insofar as it might refer to noise caused by speech, to refer only to its noncommunicative elements," such as its "volume, duration, etc."). The state concedes that the evidence was insufficient to prove that defendant made "unreasonable noise" within the meaning of ORS 166.025(1)(b). We agree, accept the state's concession, and reverse the conviction for disorderly conduct.

Conviction for disorderly conduct reversed; otherwise affirmed.

---

[1] We reject without written discussion defendant's second and third assignments of error.